Appeal No. 01-13-00103-CR
In The
First Court of Appeals

01-15-0311-CR

In re O. D. VanDuren,
Relator Pro Se

v.

Harris County District Clerk;
Chris Daniel, And
174th District Court; In Their Official Capacity,
Respondents

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

APR - 7 2015

CHRISTOPHER A. PRINE
CLERK CM

Plaintiff's Original Application For Writ Of Mandamus

To The Honorable Judge of Said Court:

Comes Now, O. O. VanDuren, Relator, pro se in the Above styled And Numbered cause of action and files this Original Application For Writ Of Mandamus, pursuant to Texas Rules Of Appellate Procedure 10.1 And 52.1, and would show the Court the following:

I.

The Relator has exhausted his remedies and has no other Adequate remedy at law. The Acts sought to be compelled are ministerial, not discretionary in Nature.

II.

Respondent, Chris Daniel, not personally and individually, but in his capacity As District Clerk of Harris County, Texas his office and deputy clerks have a ministerial duty to recieve and file All papers in a criminal proceeding, As well as an appeal, and perform All other duties imposed on the clerk by law pursuant to Texas Code Of Criminal Procedure Art. 2.21 and is responsible under Texas Rules Of Appellate Procedure, as well as any orders issued by a Court Of Appeal, Court Of Criminal Appeals And the

Supreme Court of Texas, and Any Court of competent jurisdiction.

### III.

In violation of these rules and orders the Relator will show a history of violations in his statement of facts in this Application For Writ Of Mandamus;

1. On March 7, 2013, Relator sent cover letter and Waiver Of Counsel to Judge of 174th District Court, which was not included in the record until after the order of this Court of Abatement until a hearing was had on Waiver Of Counsel.

2. On April 7, 2013 a copy of request for records was sent to Clerk of the First Court of Appeals and Clerk of the 174th District Court, 4 and 5 pages, Not part of record.

3. On June 12, 2013 a copy of cover letter, motion for bench warrant, declaration of inability to pay cost and second supplemental request for clerk's record was mailed to Clerk of First Court of Appeals and Clerk of 174th District Court, Not included in record.

4. On July 1, 2013 a copy of cover letter and request for court reporter's records was mailed to the Judge of 174th District Court, 5 pgs., not included in the records, see letter to Clerk of First Court Of Appeals

5. On July 8, 2013 a copy of cover letter to Clerk, 174th District Court and motion for new trial in arrest of judgment to request a hearing on the record was mailed to Clerk of 174th District Court and Clerk of First Court Of Appeals, 6 pgs. not included in the record.

6. On August 12, 2013 a copy of cover letter and request for Independent forensic analysis was mailed to clerk of 174th District Court and Clerk of First Court Of Appeals, 4 pages not included in record.

7. On August 16, 2013 a copy of cover letter and notice of intent was mailed to clerk of the 174th District Court, along with motion for extension of time to the Clerk of the First Court of Appeals.

8. On August 25, 2013 a copy of cover letter to Clerk of 174th District Court, Appellant's Original Application For Writ Of Mandamus and cover letter was mailed to Clerk of the First Court Of Appeals to be filed in the in the District Clerk's Office.

9. On August 30, 2013 a white card notification was recieved denying Motion to request indepedent forensic analysis, said Motion was filed in District Clerk's Office, No Notification of transfer to First Court Of Appeals was recieved

10. On August 31, 2013 a cover letter, notice of Appeal, and copy of cover letter and Motion relating to informalities in the record filed in the First Court Of Appeals was mailed to the Clerk of 174th District Court.

11. On September 20, 2013 a white card notification was recieved from First Court Of Appeals, copy of opinion on mandamus could be obtained online, Mandamus Originally filed with Clerk of the 174th District Court, transferred to First Court Of Appeals.

12. On October 25, 2013 letter mailed to Clerk of the First Court Of Appeals to be placed in the record of this appeal.

13. On December 17, 2013 pro se appellate brief mailed to family member to be sent to Clerk of the First Court of Appeals, brief 122 pages; exhibits 1 through 56, 298 pages a total of 420 pages.

14. On January 22, 2014 recieved green card signed by K. Henderson, 1-16-14.

15. On January 26, 2014 sent cover letter and Motion relating to Appellant's Brief to Clerk of First Court Of Appeals.

16. On January 26, 2014 a letter was sent to Harris County District Clerk to request information, No reply recieved.

17. On January 31, 2014 recieved white card notification of filing of Appellant's Brief, Appellee brief due 2-18-2014.

18. On January 31, 2014 Relator requested a copy of Appellee's brief for reasons stated in the letter.

19. On February 26, 2014 relator recieved order of First Court Of Appeals granting his Motion relating to Appellants brief; Motion relating to informalities in the record, granted in part and denied in part; to wit: the Court orders the court reporter to file, within 21 days of this order, either (1) a supplemental reporter's record containing "[t]ranscripts of hearings on motions to withdraw filed by Attorneys Ruth Burton and Mark Lipkin" or (2) an information sheet

certifying that no such records exist, All other requests by appellant to supplement the record are denied.

20. On March 18, 2014 relator recieved white card notification, time for state's brief had expired, no brief nor motion for extension of time had been filed,

21. On March 23, 2014 a cover letter and motion relating to presentation of appeal was mailed to clerk of First Court Of Appeals, 5 pages.

22. On April 23, 2014 relator sent to Clerk of First Court of Appeals to request that his motion be presented to Court and change of address.

23. On May 7, 2014 relator sent letter to Clerk of First Court Of Appeals to request status of hearing date of appeal and motion relating to presentation of appeal.

24. On May 16, 2014 relator recieved 2 white card notifications, which are the same as explained here in #20.

25. On May 19, 2014 relator recieved letter from office of the Clerk of First Court of Appeals, Acknowledge of communication of April 28, 2014,

26. On May 28, 2014 relator recieved letter from office of the Clerk of First Court of Appeals, Acknowlege of communication of May 12, 2014.

27. On June 1, 2014 relator sent letter to Clerk of First Court Of Appeals, Along with copies of cover letter and letter to 174th District Court.

28. On June 13, 2014 relator recieved 2 letters from Jessie Rodriguez, Deputy Clerk IV to inform of costs of records of the District Clerk.

29. On June 21, 2014 relator sent letters to office of Clerk of First Court of Appeals to clarify request, and letters to Chris Daniel, Alan Curry and Daniel McCrory.

30. On June 30, 2014 a letter from B.J. Orsack court reporter was recieved stating my letter was forwarded to Patricia Palmer who was reporter at time of trial.

31. On June 30, 2014 a letter from Patricia Palmer was recieved stating to contact Deputy District Clerk and First Court Of Appeals for trial transcripts, did not address order of the First Court Of Appeals.

32. On July 9, 2014 relator mailed cover letter and notice of intent to the Clerk of First Court of Appeals.

33. On July 23, 2014 relator recieved white card notification, State's brief was filed July 21, 2014.

34. On July 28, 2014 relator mailed letter to Clerk of First Court of Appeals to request date set for hearing, request copy of appellee brief, and copy of supplemental records, if the order was complied.

35. On August 14, 2014 relator recieved a copy of appelle's brief from the Clerk of First Court of Appeals.

36. On August 15, 2014 relator recieved letter from Clerk of First Court Of Appeals, cause set for submission on September 3, 2014.

37. On August 25, 2014 relator sent cover letter and motion to compel, 7 pages to Clerk of First Court Of Appeals.

38. On September 23, 2014 relator sent a letter to Clerk of First Court Of Appeals to notify the Court of change in address and to request status of motion to compel and submission of appeal.

39. On October 2, 2014 relator recieved a letter from Clerk of First Court Of Appeals to acknowledge communication recieved September 25, 2014.

40. On November 3, 2014 relator recieved judgment, 21 pages by Justice Bland affirming trial court judgment and denying all pending motions.

41. November 19, 2014 Motion to reconsider was mailed to Clerk of First Court Of Appeal and has not been ruled on, as of this date.

## III.

The Respondent, Harris County District Clerk Chris Daniel violated the order of this Court, to wit; #19 an order to supplement the record as well as perform ministerial duties of the clerk. Pursuant to Rules 13.1 and 13.3 of Rules of Appellate Procedure, there is a disobedience of the Court's order by actions in opposition of these rules and the Court's Authority. The clerk has failed to accomplish what is ordered, an official

Act, conclusive upon the person it is directed to and entitled to the same regard and due diligence as a judgement of the court, entered in writing to perform ministerial functions of that office. Pursuant to Rule 34.5(A)(2)(c) of Texas Rules Of Appellate Procedure, Art 2.22 and Art. 4.03 of Code of Criminal Procedure there exists violations of the court's order. Even further, violations exists Pursuant to Rule 34.6(b), (c)(2), (d), (f) and (h) in the continued refusals. Rule 35.3(A) and (b) are also violated. A complete record has not been filed in the Appellate Court. All requests and motions are part of the record sent to the Clerk of this Court in the appeal. Such records are required, and relator has not recieved a response. Relator has gone well beyond any requirement or obligation imposed on him by the rules. In contrast to Relator's efforts, Respondent office has wholly failed to comply with the rules, order of the Court and is acting in bad faith. In the Order of The Court of Criminal Appeals of Texas, Order Directing The Form of The Appellate Record In Criminal Cases of the Clerk's Record and Reporter's Record, see order reported in Texas Criminal Procedure Code and Rules, 2014 Edition, West's Texas Statutes and Codes, Appendix E, and Rule 34.4, Rules of Appellate Procedure states, "The Supreme Court and Court of Criminal Appeals will prescribe the form of the appellate record." The Appellate Court may enter any order necessary to ensure the timely filling of the appellate record, Rule 35.3(c) Texas Rules of Appellate Procedure. Pursuant to Rule 37.3(A)(2) of Appellate Procedure "The court must make whatever order is appropriate to avoid further delay and to preserve the parties' rights." Pursuant to Rule 43.6 of Appellate Procedure the court of Appeals may make any other appropriate order that the law and nature of the case require. Relator seeks to correct the abuses of respondent. There are violations of duties imposed by law and orders of the Court Of Criminal Appeals, Supreme Court and First Court Of Appeals. Failure to act within the order, failure to answer has been in defiance of the order and wilfull disobedience and violation of the duty of

office of district court. Citing the following:

Mandamus Key 4(1) - Mandamus will issue only to correct a clear abuse of discretion when there is no adequate remedy by appeal.

Mandamus Key 1 - Writ of mandamus is an extraordinary remedy that will issue only to correct clear abuse of discretion or the violation of a duty imposed by law, when there is no other adequate remedy by law. - Id. In re Chistenson, 39 S.W. 3d 250

Tex. App. - Waco 2001. - To obtain mandamus relief, a relator must first show that the respondent either violated his duty or abused his discretion. In re Taylor, 39 S.W. 3d 406. When an official fails to perform a ministerial act, that is a violation of a duty imposed by law, for which mandamus relief is available. - Id.

Tex. App. - Corpus Christi 2000. - Traditionally, the writ of mandamus issues to compel the performance of a ministerial act or duty. - Christus Spohn Health System Corp. v. Nueces County Hosp. Dist., 39 S.W. 3d 626, rehearing dismissed. "Ministerial Acts," for purposes of mandamus, are those where the law prescribes and defines the duties to be performed with such precision and certainty as to leaving nothing to the exercise of discretion or judgment. - Id.

Appeal and Error Key 497(1) - Burden is on appellant to ensure that sufficient record is presented on appeal to show reversible error.

State ex rel. Young v. Sixth Judicial Dist. Court of Appeals, 236 S.W. 3d 207, 210 (Tex. Crim. App. 2007) - To be entitled to mandamus relief, relator must show that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision.

Garner v. State, 300 S.W. 3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist; Bledsoe v. State, 178 S.W. 3d 824, 826-27 (Tex. Crim. App. 2005) (same);

Mitchell, 193 S.W. 3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record.

In re Reed, 137 S.W. 3d 676, 678 (Tex. App - San Antonio 2004, orig. proceeding) (citing State ex rel. Hill v. Court of Appeals for Fifth Dist., 34 S.W. 3d 924, 927 (Tex. Crim. App. 2001) - In order to be entitled to mandamus relief relator must establish: "(1) he has no other legal remedy; and (2) under the relevant facts and law, the act sought to be compelled is purely ministerial."

State ex rel. Young v. Sixth Judicial Appeals at Texarkana, 236 S.W. 3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding) To be entitled to mandamus relief in a criminal case, a relator must show that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision.

Barnes v. State, 832 S.W. 2d 424, 426 (Tex. App. - Hou [1st Dist.] 1992, orig. proceeding. It is relator's burden to properly request and show his entitlement to mandamus relief.

In re Smith, 263 S.W. 3d 93, 95 (Tex. App. - Hou. [1st Dist.] 2006, orig. proceeding) see Tex. Gov't Code § 22.221(a), (b) jurisdiction to grant mandamus when writ is necessary to enforce jurisdiction.

State ex rel. Curry v. Gray, 726 S.W. 2d 125, 128 (Tex. Crim. App. 1987 (orig. proceeding) An act is ministerial if it constitutes a duty clearly fixed and required by law.

Griffin v. Illinois, 351 U.S. 12, 76 S. Ct. 585 (1956). The court held that the defendant, who was indigent, was denied appellate review when the Court of Criminal Appeals did not have the statement of facts.

Ex parte Contreras, 586 S.W. 2d 550 (Tex. Crim. App. 1979). The indigent appellant was denied an appeal when the record did not include the transcription of the court reporter's notes.

Ex parte Mays, 510 S.W. 2d 606 (Tex. Crim. App. 1974). The court held that the defendant, an indigent, was entitled to a new trial date

due to the court reporter's inability to file the statement of facts because it had been lost.

Appeal and Error Key 1177(9) - Generally, when a trial court conducts a hearing and an appellant exercising due diligence is unable to obtain a proper record of the evidence introduced through no fault of his own, a new trial is required if the appellant's right to appellate review cannot be preserved any other way.

Obstruction of the lawful process of this appeal has occurred from the beginning as mentioned and documented in this mandamus and the records of the appellate court. The actions complained of have been worked in vexacious manner to the result of defective trial court records, defective transcripts and wilfull disobedience of the order of this court, and fails to conform to the requirements of the appellate rules, Texas Court of Criminal Appeals and Supreme Court of Texas. These denials have denied the appellant his right of a full and fair review by the appellate court, even further a full and fair review has been made non-existent.

## IV

The Respondent, Judge of the 174th District Court of Harris County, Texas has a ministerial duty in all criminal proceedings to perform all duties imposed by law pursuant to Chapter 64 Texas Code Of Criminal Procedure, Texas Laws and Constitution and Laws and Constitution of the United States. The Respondent violated the rules and laws complained of in the following manner and the Relator shows that he has exhausted his remedies and has no other adequate remedy at law. The act sought is ministerial, not discretionary. As is clear, Relator has repeatedly requested to test the evidence, that the State has alleged to have in it's possession in the following manner:

1. The Relator will show from the records of the clerk requests to test the evidence started on date Motion For Independent Forensic Analysis

filed December 6, 2011, pro se motion.

2. Motion To Inspect, Examine and Test Physical Evidence, filed by Ruth Burton and granted on December 6, 2011, there appears to be a discrepancy in the filing date December 9, 2011 see pages 19-21, clerks record.

3. Pro Se Analysis denied, see page 25 clerks record.

4. Pro se Notice Of Appeal filed January 3, 2012, not ruled on pgs. 28-30.

5. Defendant's Motion To Have Written Rulings Made On All Motions Filed By Defendant filed January 9, 2012, denied January 12, 2012 pages 31-34.

6. Motion For Discovery and Inspection Of Evidence filed January 19, 2012, denied January 19, 2012 pages 36-42.

7. Discovery Order filed and ordered on January 23, 2012 pages 43-45.

8. Motion To Inspect, Examine And Test Physical Evidence filed January 23, 2012, not ruled on pages 53-56.

9. Motion For Production Of Evidence Favorable To The Accused filed January 23, 2012 pursuant to Brady v. Maryland, 373 U.S. 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), not ruled on.

10. Motion To Examine The Evidence filed on April 25, 2012, pro se, not ruled on pages 112-115, please read.

11. Motion To Preserve The Evidence/Do Not Destroy Order, pro se, filed April 25, 2012, not ruled on pages 116-118.

12. Discovery Order, ordered and entered June 28, 2012 pages 120-122.

13. Report of Forensic Laboratory Analysis - Alcohol Analysis, not certified page 155-156 Chain of Custody not certified shows offense unclassified on 5/24/12 and in possession of Laura Parella from 5/22/2012 to 5/24/2012, a violation of the chain of custody.

14. On July 18, 2012 State's Attorney filed Brady v. Maryland Disclosure stating there is none, page 164.

15. On August 29, 2012 A Discovery Order was ordered and entered pages 213-215.

16. See pages 316 - 317, requests by jury after long period of deliberation page 318, see also trial transcripts for photos sent to jury, question evidence remaining and available for independent testing.

As shown here there has been numerous pretrial requests to test the evidence that the state alleges to have in the possession of Houston Police Department Evidence Room. There are Discovery Orders signed by the trial judge. There is a statement signed and entered into the record stating, there is no Brady Material. The State continued through the use of a toxicology reports alleged to be authored by Jorge Wong, testimony by Laura Parella as well as a certificate of analysis, not certified and chain of custody, not certified to allege evidence of toxicology in its possession.

V.

The Relator will show he has exhuasted his remedies at the pretrial level, at the appellate level and the District Court has denied him the right to have the evidence alleged by the State to be in their possession to be reviewed by the Appellate court. During the trial of this cause the state's attorney made mention of evidence of toxicology in the transcripts of the trial, starting at:

1. Volume I Voir Dire, page 4; lines 1 through 8 is a request by defense for a motion hearing and the answer of the court, a blunt never to requests of defendant.

2. Voir Dire pages 44 - 45, States attorney alleges to be able to prove .08 Blood Alchol Concentration lines 24-25 and 1-21.

3. Voir Dire pages 77-83, defense counsel discusses blood test and chain of custody.

4. Volume 2, page 8 lines 6 and 7 State's attorney states defendant consents to blood sample, to line 25; page 9 lines 1 to 3.

5. Volume 2 pages 68 to 79 discusses evidence, blood draw and

state's exhibits introduced as evidence during the guilt/innocence phase of trial.

6. Volume 2 page 85 to 87 gives testimony on blood vials and storage of evidence in possession of police officers.

7. Volume 2 page 88 + 89 testimony on exack blood alcohol concentration

8. Volume 2 page 92 to 103 the nurse testifies about blood draw of defendant.

9. Volume 2 page 115 state's attorney alleges document in evidence of blood alcohol test.

10. Volume 2 page 117 alleges to be asked to re-test samples, see chain of custody of custody and Report of Forensic Analysis pages 155 and 156 of clerk's records, DWI - unclassified at time of reports alleged to be completed on 5-24-2012, no records or reports of either the first or second test are part of clerks record, discovery or trial transcripts, also state's exhibit 17, an un-sworn document alleges a sample available for independent testing, by the person who alleges to test evidence by not swearing under oath to authenticity of test or document, please review all exhibits of blood evidence.

11. Volume 2 page 118 testimony on testing of blood, still there are no toxicology reports, Authentic certificate of Analysis, Notes, Brady material or chain of custody authenticated.

12. Volume 2 pages 119 to 123 testimony alleges to test evidence on 5-23-12 a date different from the date alleged on the unsworn certificate of analysis

13. Volume 2 pages 123 to 125 Retrograde extrapolation testimony and alleges a vial for independent tests, defense never requested a test, and to be the second analyst to test this evidence.

14. Volume 2 pages 125 to 126 testimony on allegations of first test and by who, no evidence of test, report, Notes, Brady material or certificate of Analysis, in fact state's exhibits show he never tested the evidence and it remained unclassified until it was alleged to be tested in 5-2012.

15. Volume 2 page 127, testimony on date evidence arrived at lab, chain of custody and witness admitted defendant's blood never tested for serology to establish a direct link between defendant and alleged evidence.

16. Volume 2 pages 127 to 135, testimony on serology, who did the first test, testing of equipment, condition of the sample, chain of custody, number of vials of evidence and storage.

17. Defendant's Argument And States Argument Allege evidence Alleged to be tested Volume 2 pages 144 to

18. Please review exhibits 8, 9, 10, 11, 12, 13, 14, 15, 17 of trial transcripts.

19. Please review page 316 clerks record, After a period of long deliberation without a verdict, At guilt/innocence phase.

20. Please review pages 317 And 318, Also requests by the jury in the clerk's record.

## V.

Relator clearly states that he has Attempted to exhaust his remedies And has no other remedy At law. The Acts sought Are ministerial And not discretionary in nature. Please review the following:

1. Motion To Dismiss Court Appointed Counsel And Appoint New Counsel to Act On Behalf Of Defendant, mailed to clerk 12-14-2011, missing from records.

2. Defendant's Amended Motion To Dismiss Court Appointed Counsel And Appoint New Counsel To Act On Behalf Of Defendant mailed to clerk of 174th on 2-22-12.

3. Defendant's Second Amended Motion To Dismiss Court Appointed Counsel And Appoint New Counsel To Act On Behalf Of Defendant filed on 7-2-12.

4. Defendant's Third Amended Motion To Dismiss Court Appointed Counsel And Appoint New Counsel To Act On Behalf Of Defendant filed on 7-30-12.

5. Defendant's Fourth Amended Motion To Dismiss Court Appointed Counsel And Appoint New Counsel To Act On Behalf Of Defendant filed on 9-14-12.

6. Defendant's Fifth Motion To Dismiss Court Appointed Counsel And Appoint New Counsel To Act On Behalf of Defendant filed on 1-22-13.

7. Relator filed the above listed Motions to Dismiss Court Appointed Counsel to complain of the chain of custody of the evidence, chain of custody of the alleged toxicology report of Jorge Wong, which is missing from the records.

8. Relator complained in these motions that the evidence alleged to be in custody of police has not been certified by D.P.S. for toxicology or serology.

9. Relator complained that the alleged evidence has not been certified in court and on record to D.A., trial judge and his attorney Mark Lipkin during a hearing on his request to withdraw.

10. Relator sent letters to attorneys Burton and Lipkin to request testing of alleged evidence.

11. The 174th District Court abused its discretion in denial of defendant's right to test the evidence before trial, the evidence is material, and exculpatory, and denied defendant the opportunity to present this evidence to a jury, a violation of due process.

12. The trial court abused its discretion by not ruling on the Appellant's postconviction motion to test the evidence by presenting this request to test to the Appellate Court for a ruling, see the records of this Appeal.

13. The trial court failed by not ordering the State to produce the evidence to the court for inspection.

14. The trial court failed in a Kelly - Daubert hearing, no such hearing exists as part of Appellate Record, the evidence never passed the Threshold test under Texas Rules Of Evidence.

15. The withheld evidence would show falsity in testimony and impeach, requests where timely in advance of trial, due diligence was exercised and no reasonable factfinder would have found Relator guilty of underlying offense.

16. Relator cites the following:

Tex. App. - Houston [1 Dist.] 2005. Trial court abuses its discretion when the trial court's decision is arbitrary or unreasonable; the question is whether the trial court acted without reference to any guiding rules or principles. - State v. Fury, 186 S.W.3d 67, petition for discretionary review refused.

Tex. App. - Houston [14 Dist.] 2006. A trial court abuses its discretion when its decision lies outside of the zone of reasonable disagreement. - Ganther v. State, 187 S.W.3d 641.

Tex. App. - Waco 2001 - No adequate remedy at law available by direct appeal since there was no record for appellate court to review on those issues, thus entitled to mandamus relief. - In re Taylor, 39 S.W.3d 406; When an official fails to perform a ministerial act, that is a violation of a duty imposed by law, for which mandamus relief is available. - Id.

Tex. App. - Amarillo 2000. Consideration of a motion properly filed and before a trial court is ministerial, for purpose of evaluating whether a writ of mandamus to compel a hearing on the motion shall issue. — In re Christensen, 39 S.W.3d 250. Fundamental requirements of due process mandate an opportunity to be heard, and thus a district court may be compelled via mandamus to consider and rule on a pending motion presented to the court. U.S.C.A. Const. Amend. 14. - Id.

"Mandamus relief may be granted if the relator shows the following: (1) that the act sought to be compelled is purely ministerial and (2) that there is no adequate remedy at law." Winters v. Presiding Judge of the Criminal District Court No. Three, 118 S.W.3d 773, 775 (Tex. Crim. App. 2003).

"Additionally, the relator must have a 'clear right to the relief sought,' meaning that the merits of the relief sought are 'beyond dispute.'" Id. at 775 (citing

In re Rodriquez, 77 S.W. 3d 459, 461 (Tex.App.-Corpus Christi 2002).) "The requirement of a clear legal right necessitates that the law plainly describes the duty to be performed such that there is no room for the exercise of discretion." Id.

As is our custom, we will withhold issuance of the writ and accord the district clerk an opportunity to conform her actions to this order. See State ex rel. Hill v. Pirtle, 887 S.W. 2d 921, 932 (Tex. Crim. App. 1994). Citing Deleon v. District Clerk, 187 S.W. 3d 473 (Tex. Crim. App. 2006).

Relator contends through the order issued by the First Court Of Appeals he has a clear right, and the Court has duty to issue any order necessary to review a complete record in this appeal. Even further the Court should be able to view evidence presented in the trial, and submitted again to the jury by request from jury while defendant was excluded from courtroom and not able to ask his attorney to object, because of numerous request to test had gone unanswered.

Courts Key 52. Tex.App.- Houston [14 Dist.] 2006. Appellate court may not expand its jurisdiction beyond that conferred by the legislate. - Phillips v. Dafonte, 187 S.W. 3d 699. The motion to test the alleged evidence was filed with District Clerk to be presented to the trial court, and transferred to the First Court Of Appeals by officials at trial court level.

Mandamus Key 28. Tex.App. Beaumont 2006. A trial court has no discretion in determining what the law is or applying the law to the facts, and consequently, the trial court's erroneous legal conclusion, even in an unsettled area of law, constitutes an abuse of discretion, for purposes of mandamus relief. - In re Dalco, 186 S.W. 3d 660, mandamus denied.

Mandamus Key 12. Tex. App. - Texarkana 2006. Mandamus relief is appropriate only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law, which is often described as a "ministerial" act, and (2) the absence of a clear and adequate remedy at law. - In re Pilgrim's

Pride Corp., 187 S.W. 3d 197.

Mandamus Key 10, Tex. Crim. App. 2006. A relator seeking mandamus relief must have a clear right to the relief sought, meaning that the merits of the relief sought are beyond dispute; the requirement of a clear legal right necessitates that the law plainly decribes the duty to be performed such that there is no room for the exercise of discretion. De Leon v. District Clerk, 187 S.W. 3d 473.

Mandamus Key 26, C.A.5 (Tex.) 2007. When the writ of mandamus is sought from an appellate court to confine a trial court to a lawful exercise of its prescribed authority, the could should issue the writ almost as a matter of course. 28 U.S.C.A. §1651(A). - In re Hot-Hed Inc., 477 F. 3d 320, on remand Hot-Hed, Inc. v. Safe House Habitats, Ltd., 2007 WL 556862.

The trial court erred in transferring the motion filed under the open court to be transferred to the appellate court, there is no record for the higher court to review.

Crim. Law Key 627.5(1), 1166(10.10) - Under statute, defendant has a right to have any alleged contraband tested by his own chemist if he makes a timely request for such opportunity; denial of timely request for such opportunity; denial of timely motion to allow such inspection is reversible error. Vernon's Ann. Tex. C.C.P. Art. 39.14 (Timely request); See Mendoza v. State, 583 S.W. 2d 396, 398 (Tex. Crim. App. 1979); Terrell v. State, 521 S.W. 2d 618, 619 (Tex. Crim. App. 1975); Detmering v. State, 481 S.W. 2d 863, 864 (Tex. Crim. App 1972); Denial of a timely motion to allow such inspection is reversible error. Terrell, 521 S.W. 2d at 619; Detmering, S.W. 2d at 864.

Tex. App.-Houston [1st Dist.] 2006, orig. proceeding. - To complain about the trial court's action or failure to act in a post conviction felony proceeding, an appellant may seek mandamus relief from the Court of Criminal Appeals. In re Briscoe, 230 S.W. 3d 196-97.

Wherefore, Premises Considered, Relator, O. D. Van Duren, pro se, respectfully request a finding that the Respondent did not transmit the

documents as ordered to the First Court Of Appeals as ordered within a reasonable time after the date they were ordered and that Relator brought this litigation in good faith and has substantially prevailed. Relator prays for an Order directing Respondent to transmit the Ordered documents or comply, certifying that said records do not exist, as directed. Even further, Relator, pro se respectfully request a finding that Respondent Court recieve and set a date for hearing the request to test the evidence within a reasonable time and transmit the findings to the Court Of Appeals and that Relator brought this litigation in good faith and has substantially prevailed.

Respectfully submitted,

O. D. VanDuren

O. D. VanDuren
Relator, Pro Se

"I declare under penalty of perjury that the foregoing is true and correct."
Executed on March 27, 2015.

O. D. VanDuren

O. D. VanDuren
Relator, Pro Se

Certificate Of Service

I certify that a true and correct copy of the foregoing Original Application For Writ Of Mandamus has been forwarded by U.S. Mail, Addressed to:
Hon. Christopher A. Prine
Clerk Of the First Court Of Appeals
301 Fannin St.
Hou., Tx. 77002-2066
on the 30th day of March, 2015.

O. D. VanDuren
Relator Pro Se

# Order

On this day, came on to be heard the foregoing Relator's Application For Writ of Mandamus and it appears to the Court same should be:

_____ Granted

It Is Therefore Ordered that the District Clerk shall immediately transmit the Ordered documents or certify that said records do not exist, and a certification reciting the date upon which that transmittal was made.

It Is Therefore Ordered that the request to to the evidence be presented to the trial court, a date set for evidentiary hearing, a finding of fact and conclusions of law filed, any answers filed, and the record be transmitted, and a certification reciting the date upon which that transmittal was made,

Signed on this the _____ day of _____, 2015,



/s/ Justice

01-15-00311-CR                                    March 27, 2015

Hon. Christopher A. Prine
Clerk Of the First Court Of Appeals
301 Fannin St.
Hou., Tx. 77002-2066

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

APR - 7 2015

CHRISTOPHER A. PRINE

CLERK

Appeal No. 01-13-00103-CR

Sir:

    Please find enclosed an Original Application For Writ Of Mandamus, Nineteen (19) pages along with this cover letter, a total of twenty pages. Please file and present to the Court. Please notify me of reciept and filing. Thank you for your help and consideration.

Respectfully,

O.D. VanDuren
O.D. VanDuren
1834715
Ramsey
1100 F.M. 655
Rosharon, Tx. 77583-7670

O. D. Van Duren
1834715
Ramsey
1100 F.M. 655
Rosharon, Tx. 77583-7670

RECEIVED
FIRST COURT OF APPEALS
HOUSTON, TEXAS

APR 7 2015

CHRISTOPHER A. PRINE
CLERK

Hon. Christopher Prine
Clerk Of The First Court Of Appeals
301 Fannin St,
Hou., Tx. 77002-2066

770023206E

